UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT L. ANDERSON and
TERESA S. ANDERSON,

       Plaintiff,
v.                                             Civil Action No. _____

CREDITORS FINANCIAL GROUP LLC,

       Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices..

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

### III.  PARTIES

3. Plaintiff Scott L. Anderson is a natural person residing in the County of Cattaraugus and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

4. Plaintiff Teresa S. Anderson is a natural person residing in the County of Cattaraugus and State of New York.

5. That at all times relevant herein, Plaintiffs have been married and have lived at the same address.

6. Defendant Creditors Financial Group LLC is a limited liability corporation organized and existing under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6)

7. Upon information and belief, Defendant regularly attempts to collect debts alleged to be due another.

8. That all references in this complaint to "Defendant" shall mean the Defendant or an employee of the Defendant.

9. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV.  FACTUAL ALLEGATIONS

10. That an individual with the same name as Plaintiff Scott L. Anderson incurred a credit card obligation to the Bank of America.  Said obligation will hereinafter be referred to as "the subject debt".

11. That the debtor defaulted in paying the subject debt.

12. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

13. That the subject debt was and is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

14. That after the debtor's default, Defendant was employed by Plaintiff's to attempt to collect the subject debt.

15. That in August of 2007, an employee of Defendant identifying himself as Mr. Medina called Plaintiffs residence by telephone and spoke with Teresa S. Anderson.  During the course of their conversation, Defendant stated to said Plaintiff that her husband owed over $9,000.00 to the Bank of America, that if the debt were not paid, Defendant would freeze their bank accounts, put a lien on their property, kick them out of their house, buy out their car loan, and send an Erie County Sheriff to their home to have them arrested and put in jail.  Teresa S. Anderson asked Mr. Medina to disclose the last four numbers of the debtor's social security number and his date of birth, which he did.  Said Plaintiff then informed Mr. Medina that the social security number and date of birth he had provided were not those of Plaintiff Scott L. Anderson.  Mr. Medina then insisted that Plaintiff Scott L. Anderson was the debtor, called Teresa S. Anderson a "liar", and stated that "everyone who owes a creditor is a liar."

16. That Plaintiff Scott L. Anderson walked into the Plaintiffs home near the conclusion of the telephone call described in paragraph 13 herein, and overheard parts of the conversation.  After the telephone call was completed, Teresa S. Anderson informed Plaintiff Scott L. Anderson of what had been said during said telephone call.

17. That after the aforesaid telephone call, both Plaintiffs were concerned that the Erie County Sheriff might be on his way to their home to arrest them and take them to jail.

18. That the representations made by Plaintiff that they would kick Plaintiffs out of their home, buy out their car loan, and send an Erie County Sheriff to their home to have them arrested and put in jail were false, and would have been false even if either or both of the Plaintiffs had been liable on the subject debt.

19. That Plaintiff Scott L. Anderson was not liable on the subject debt.

20. That by reason of the actions of Defendant described in this complaint, Plaintiff became humiliated, nervous, anxious, upset, and suffered from emotional distress.

## V.  CAUSE OF ACTION

21. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 18 above.

22. That by reason of the conduct of Defendant alleged in this complaint, said Defendant violated multiple provisions of the FDCPA, including but not limited to 15 U.S.C.§1692d, 15 U.S.C.§1692e, 15 U.S.C.§1692e(2)(A), 15 U.S.C.§1692e (4), 15 U.S.C.§1692e(5), 15 U.S.C.§1692e(7), 15 U.S.C.§1692e(10), and 15 U.S.C.§1692f.

23. As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

WHEREFORE, each Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  actual damages;

(b)  statutory damages pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

Dated: October 26, 2007

/s/Kenneth R. Hiller, Esq.
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
          ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Teresa S. Anderson and Scott L. Anderson affirm that the following statements are true and correct under penalties of perjury:

1. We are the Plaintiffs in this civil proceeding.

2  We have read the above-entitled civil Complaint prepared by our attorney and believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.

3. WeI believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated:  October 26, 2007           s/ Scott L. Anderson_____
                                   Scott L. Anderson


                                    s/Teresa S. Anderson_____
                                    Teresa S. Anderson